Submitted March 1, reversed and remanded April 24, 2013

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

DANE LEWIS ALDERMAN,
*Defendant-Appellant.*

Marion County Circuit Court
11C43234; A149703

300 P3d 308

Peter Gartlan, Chief Defender, and Lindsey Burrows, Deputy Public Defender, Office of Public Defense Services, filed the brief for appellant.

Ellen F. Rosenblum, Attorney General, Anna M. Joyce, Solicitor General, and Douglas F. Zier, Senior Assistant Attorney General, filed the brief for respondent.

Before Armstrong, Presiding Judge, and Nakamoto, Judge, and Egan, Judge.

PER CURIAM

## PER CURIAM

In this criminal case, defendant was tried to the court and convicted of felony delivery of marijuana for consideration. ORS 475.860(2). He contends that the trial court erred (1) by eliciting testimony from a defense witness that was irrelevant and impermissibly based upon defendant's confidential affidavit of indigency and (2) by commenting on the credibility of defendant's statements in his affidavit of indigency and relying on those statements in a manner that denied defendant a fair trial. Although defendant did not preserve any claim of error, he argues that the errors about which he complains are plain and that we should exercise our discretion to correct them. The state concedes that the trial court plainly erred and agrees with defendant that the errors are not harmless and merit the exercise of our discretion to correct them.

We have reviewed the briefs and the transcript of the proceedings in this case. We agree with the parties that the trial court erred and that the error is plain. We exercise our discretion to correct the error for the reasons expressed in *State v. Reynolds*, 250 Or App 516, 522, 280 P3d 1046, *rev den*, 352 Or 666 (2012) (exercising discretion to correct unpreserved claim of error where error was grave and "of constitutional magnitude"), and *State v. Alne*, 219 Or App 583, 589-90, 184 P3d 1164 (2008), *rev den*, 347 Or 365 (2009) (exercising discretion to correct unpreserved claim of error when it was likely that error played a role in trial court's decision in bench trial).

Reversed and remanded.